STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
January 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRED L. LOYD,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0188**  (BOR Appeal No. 2048759)
(Claim No. 2011037422)

**AKER CONSTRUCTION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Fred L. Loyd, by Stephen New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Aker Construction, by Gary Nickerson and James Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 27, 2014, in which the Board affirmed an August 22, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 17, 2012, decision granting Mr. Loyd a 13% permanent partial disability award, and the Office of Judges granted Mr. Loyd a 14% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Loyd injured his lower back and right shoulder on May 13, 2011, while installing cable during the course of his employment as an electrician, and the claim was held compensable for a lumbar sprain and unspecified sprain of the arm/shoulder. On May 9, 2012, Joseph Grady II, M.D., performed an independent medical evaluation. He noted that Mr. Loyd underwent an arthroscopic labral debridement with biceps tenodesis on March 15, 2012. He further noted that Mr. Loyd continues to experience discomfort in the right shoulder due to an apparent rupture of

1

the biceps tendon following surgery. Dr. Grady then opined that Mr. Loyd sustained 5% whole person impairment as a result of range of motion abnormalities in the right shoulder. He further opined that Mr. Loyd sustained 8% whole person impairment as a result of range of motion abnormalities in the lumbar spine. Dr. Grady then opined that Mr. Loyd sustained 13% whole person impairment as a result of his compensable injuries. On May 17, 2012, the claims administrator granted Mr. Loyd a 13% permanent partial disability award based upon Dr. Grady's evaluation.

Mr. Loyd underwent a second right shoulder arthroscopy on September 18, 2012. Two months after the second arthroscopy, Robert Walker, M.D., performed an independent medical evaluation. He opined that Mr. Loyd sustained 9% whole person impairment as a result of range of motion abnormalities in the right shoulder. Dr. Walker further opined that Mr. Loyd sustained 13% whole person impairment as a result of the presence of L5 radiculopathy and range of motion abnormalities in the lumbar spine arising from the compensable injury. Dr. Walker determined that Mr. Loyd sustained 21% whole person impairment as a result of his compensable injuries.

On February 11, 2013, Dr. Grady performed a second independent medical evaluation and found that Mr. Loyd had not reached maximum medical improvement regarding the right shoulder following the second right shoulder arthroscopy. He further found that Mr. Loyd is not experiencing any radicular symptoms in the lumbar spine and opined that he sustained 5% whole person impairment as a result of range of motion abnormalities in the lumbar spine.

Finally, Prasadarao Mukkamala, M.D., performed an independent medical evaluation on May 21, 2013. He opined that Mr. Loyd sustained 9% whole person impairment as a result of range of motion abnormalities in the right shoulder. Dr. Mukkamala then found that there is no evidence of lumbar radiculopathy on examination and opined that Mr. Loyd sustained 6% whole person impairment as a result of range of motion abnormalities in the lumbar spine arising from the compensable injury. He concluded that Mr. Loyd sustained 14% whole person impairment as a result of his compensable injuries.

In its Order reversing the May 17, 2012, claims administrator's decision, the Office of Judges held that the preponderance of the evidence demonstrates that Mr. Loyd sustained 9% whole person impairment as a result of the compensable right shoulder injury and 6% whole person impairment as a result of the compensable lumbar spine injury, for a combined total of 14% whole person impairment arising from the May 13, 2011, compensable injury. Mr. Loyd disputes this finding and asserts that he is entitled to an additional permanent partial disability award for the compensable lumbar spine injury, per the opinion of Dr. Walker.

The Office of Judges found that it is evident that Mr. Loyd was left with increased permanent impairment in the right shoulder following the second right shoulder arthroscopy. The Office of Judges then noted that although Dr. Grady did not provide an impairment rating for the right shoulder following the second arthroscopy, both Dr. Walker and Dr. Mukkamala determined that Mr. Loyd sustained 9% whole person impairment as a result of the right shoulder

injury. The Office of Judges then concluded that the evidence of record demonstrates that Mr. Loyd sustained 9% whole person impairment as a result of the right shoulder injury.

Regarding the lumbar spine, the Office of Judges noted that only Dr. Walker found evidence of lumbar radiculopathy and concluded that the preponderance of the evidence indicates that Mr. Loyd does not suffer from lumbar radiculopathy. Further, the Office of Judges found that only Dr. Walker placed Mr. Loyd in Lumbar Category III of West Virginia Code of State Rules § 85-20-Table C (2006) while Dr. Mukkamala and Dr. Grady, who evaluated Mr. Loyd on two separate occasions, placed him in Lumbar Category II. The Office of Judges then determined that the most recent lumbar spine findings of Dr. Grady and the findings of Dr. Mukkamala are relatively consistent, with recommended lumbar spine whole person impairment of 5% and 6% respectively, and therefore concluded that the preponderance of the evidence demonstrates that Mr. Loyd sustained 6% whole person impairment as a result of his compensable lumbar spine injury. The Office of Judges then determined that Mr. Loyd is entitled to a total permanent partial disability award of 14%, as recommended by Dr. Mukkamala. The Board of Review reached the same reasoned conclusions in its decision of January 27, 2014. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   January 15, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum